# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ALEXIS RODRÍGUEZ-REYES,** *Petitioner,* v. **UNITED STATES OF AMERICA,** *Respondent.* | CIVIL NO. 16-2148 (DRD) Related Crim. No. 10-164-11 (DRD) |

## OPINION AND ORDER

Pending before the Court is Alexis Rodríguez-Reyes' ("Petitioner" or "Rodríguez-Reyes") *Pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*[1] as to his sentence in Criminal Case No. 10-164 (DRD). *See* D.E. 1[2]. Respondent, the United States of America ("Respondent"), filed its respective opposition thereto. *See* D.E. 15. For the reasons set forth below, the Court **DENIES** Petitioner's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (D.E. 1).

## I. BACKGROUND

On May 4, 2010, a Grand Jury returned a Three-Count Indictment against twenty-seven (27) defendants, including Rodríguez-Reyes. *See* Crim. No. 10-164, D.E. 3. Particularly, the Petitioner was charged with (1) conspiracy to possess with intent to distribute and/or to distribute controlled substances, to wit: in excess of one (1) kilogram of heroin, a Schedule I Narcotic Drug Controlled Substance; and/or in excess of fifty (50) grams of cocaine base ("crack"), a Schedule II Narcotic Drug Controlled Substance; and/or in excess of five (5) kilograms of cocaine, a

---

[1] A Memorandum of Law in Support of Motion to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody was filed along with the § 2255 Petition. *See* D.E. 1, Exhibit 1.
[2] D.E. is an abbreviation for docket entry number.

Schedule II Narcotic Drug Controlled Substance; and/or in excess of one hundred (100) kilograms of marihuana, a Schedule I Controlled Substance within one thousand (1,000) feet of the real property comprising a public or private school and/or the Perla del Caribe Housing Project, as prohibited in 21 U.S.C. §§ 841(a)(1) 860 and in violation of 21 U.S.C. § 846 (hereinafter, "Count One"); (2) conspiracy to possess firearms during and in relation to a drug trafficking crime, as prohibited by 18 U.S.C. § 824(c)(1)(A) and in violation of 18 U.S.C. § 924(o) (hereinafter, "Count Two"); and (3) possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (hereinafter, "Count Three"). *See Id.*

On May 4, 2011, the Petitioner pled guilty as to Count One (as charged in the Indictment) and Count Three (use of a weapon in furtherance of a drug trafficking crime) of the Indictment *See* Crim. No. 10-164, D.E. 383 and D.E. 384. Accordingly, on November 29, 2011, Rodríguez-Reyes was sentenced to a term of imprisonment of sixty (60) months as to Count One, and sixty (60) months as to Count Three to be served consecutively with each other for a total term of imprisonment of one hundred and twenty (120) months. *See* Crim. No. 10-164, D.E. 793. Judgment was entered on that same day. *See* Crim. No. 10-164, D.E. 794. The Court notes that Rodríguez-Reyes did not file an appeal, thus, his sentence became final fourteen (14) days thereafter, that is, on December 13, 2011.

Yet, on June 21, 2016, Rodriguez-Reyes filed the instant *Pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* and Memorandum of Law in Support thereof, claiming entitlement of relief pursuant to the Supreme Court's ruling on <u>Johnson v. United States</u>, 576 U.S. __ (2015); 135 S. Ct. 2551; 192 L. Ed 2d 569

(D.E. 1 & Exhibit 1)³. On June 19, 2017, the Government filed its respective *Response* in opposition thereto. *See* D.E. 15.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may petition to vacate, set aside, or correct his or her sentence by showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." However, "[r]elief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." Blake v. United States, 723 F.3d 870, 878-79 (7th Cir. 2013) (citations omitted); s*ee* Knight v. United States, 37 F.3d 769, 772-73 (1st Cir. 1994).

## III. DISCUSSION

Petitioner moves to vacate his sentence pursuant to Johnson, based on the fact that he was convicted under § 924(c). *See* D.E. 1, 1-1. In addition, Petitioner challenges the application of the career offender guidelines in light of Johnson. *Id.* at p. 5.

---

³ On September 30, 2016, the Federal Public Defender (FPD) filed an *Informative Motion and Request for Order* seeking access to the Plea Supplement, Judgment, and docket entries with viewing restrictions as in order to ascertain whether Petitioner was eligible for relief under Johnson a review of said documents was warranted. The FPD further requested thirty (30) days to evaluate Petitioner's case (D.E. 4). On October 4, 2016, the Court granted the FPD's motion. *See* D.E. 7. However, on October 27, 2016, the FPD filed a *Motion in Compliance with Order and Request to Withdraw as Counsel* informing that the FPD's office would not supplement Rodríguez-Reyes' § 2255 Petition, as the Court did not sentence Petitioner under Section 4B1.1, nor enhanced his sentence due to prior convictions for "crimes of violence." (D.E. 8).

In Johnson, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, 576 U.S. at ____, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for defendants with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year "that - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). The underlined portion is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide- ranging" and "indeterminate." *Id.* On April 18, 2016, the Supreme Court determined that Johnson prescribed a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, 578 U.S. ____ (2016), 136 S.Ct. 1257, 194 L.Ed. 2d 387.

Whereas, Section 924(c)(1)(A), prohibits the possession of a firearm in furtherance of a "crime of violence" or a drug trafficking crime. Section 924(c)(3) defines "crime of violence" as "an offense that is a felony and - (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) that <u>by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense</u>." 18 U.S.C. § 924(c)(3)(B)(emphasis added).  The underlined portion above is known as the "residual clause" of Section 924(c)(3). It should be noted that Petitioner was convicted and sentenced under the provision of 18 U.S.C. § 924(c) that pertains to the use of a

firearm during and in relation to a drug trafficking crime. *See* United States v. Hare, 820 F.3d 93, 105-06 (4th Cir. 2016) (declining to address the merits of a Johnson claim where defendant was convicted of possessing a firearm in furtherance of a drug trafficking crime). As neither the conviction nor sentence in this case rest upon Section 924(c)'s definition of a "crime of violence," Johnson is inapplicable to the instant case.

Petitioner's Johnson-related claim challenging the application of the career offender guidelines is also inapplicable to the case at bar. The record contradicts Petitioner's contention that he was sentenced as a career offender pursuant to the Career Offender guideline, U.S.S.G. § 4B1.1. The *Plea Agreement* stipulated a total offense level of 25, with no stipulation as to criminal history. *See* Crim. No. 10-164, D.E. 384 at p. 5. The parties agreed to recommend a sentence of a term of imprisonment of sixty (60) months as to Count One and a consecutive term of sixty (60) months as to Count Three, if the Petitioner's Criminal History Category resulted in I or II. Whereas, if the Petitioner's Criminal History Category is III or more, then the parties agreed to recommend a sentence of a term of imprisonment at the lower end of the applicable guideline range for Count One and a consecutive term of sixty (60) months for Count Three *Id.* The parties further agreed that "any recommendation for a total term of imprisonment of less than one hundred and twenty (120) months would constitute a breach of the plea agreement." *Id.*

Prior to the Petitioner's Sentencing Hearing, the Government filed a *Motion Requesting a Reduction of Sentence Pursuant to Section 5K1.1 of the Sentencing Guidelines and 18 U.S.C. Section 3553(e)*, wherein based upon the substantial assistance provided by Rodriguez-Reyes, the Government requested a reduction in the sentence to be imposed to the Petitioner. *See* Crim. No.

5

10-164, D.E. 763. According to the Government, Rodriguez-Reyes had entered a Plea and Cooperation Agreement which included the following terms and conditions:

> "The United States and the defendant agree as to the following Sentencing Guidelines calculations as to Count One and Count Three:
>
> a). Pursuant to U.S.S.G. § 2Dl.l(c)(4), the defendant agrees and stipulates that he shall be held criminally responsible and for sentencing guidelines calculations to an amount of cocaine in excess of five kilograms but less than fifteen kilograms, which establishes a base offense level of **Thirty-Two** (32).
> b). Pursuant to U.S.S.G. § 2Dl.2(a)(l), the defendant agrees and stipulates that since the conspiracy took place in a protected location the base offense level shall be increased by **Two (2)** levels.
> c). Pursuant to U.S.S.G. § 3El.l(b), the defendant agrees and stipulates that since he is timely notifying the authorities of defendant's intention to enter a guilty plea the base offense level shall be reduced by **Three** (3) levels, provided the defendant does in fact accept responsibility for the commission of the offense thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently
> d). Having agreed to the above sentencing guidelines, the defendant agrees and stipulates that the total offense level as to Count One is level **Thirty-One (31)**, which when cross referenced with a criminal history category of I, provides a suggested guideline sentence of **108-135** months of imprisonment (assuming but not stipulating a Criminal History category of 1). If defendant's Criminal History Category is higher, than the guideline range will increase accordingly.
> e). Furthermore, the defendant would have to serve a consecutive term of sixty (**60**) months for Count Three in addition to the suggested guideline range of **108-135** months."

*Id.* at pp. 3-4.

The Court granted the Government's request to depart downward and sentenced Petitioner to sixty (60) months as to Count One, and sixty (60) months as to Count Three to be served consecutively with each other for a total term of the mandatory minimum sentence of one hundred twenty (120) months. *See* Crim. No. 10-164, D.E. 793-794). Thus, the Petitioner was not sentenced under the Career Offender guideline, U.S.S.G. Section 4B1.1, nor did he receive a

sentence enhancement pursuant to 18 U.S.C. Section 924(e). Consequently, Petitioner's Johnson-related claim challenging the application the career offender guidelines is meritless.

Accordingly, the Court hereby **DENIES** *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. See* D.E. 1.

### IV. CONCLUSION

For the elucidated above, the Court determines that Petitioner Alexis Rodríguez-Reyes' *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (D.E. 1) is meritless and, hence, must be **DENIED.** Judgment of dismissal is to be entered accordingly.

It is further ordered that no certificate of appealability be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional or statutory right within the meaning of 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of September, 2019.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge